UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO: _____

CHARLES PETRUS,

    Plaintiff,

v.

HOME PARAMOUNT PEST
CONTROL COMPANY,

    Defendant.

_____/

**COMPLAINT**

Plaintiff, CHARLES PETRUS ("PETRUS") files this Complaint against Defendant, HOME PARAMOUNT PEST CONTROL, INC. ("HOME PARAMOUNT"), and says:

**JURISDICTION & VENUE**

1. This action is brought against Defendant pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, and 29 U.S.C. § 216(b).

3. Venue is proper in the Middle District of Florida, pursuant to 28 U.S.C. §§ 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Middle District of Florida; because the acts that give rise to Plaintiff's claims happened within the Middle District of Florida; and because Defendant is subject to personal jurisdiction herein.

1

## CONDITIONS PRECEDENT

4. All conditions precedent to this action have been performed or waived.

## GENERAL ALLEGATIONS

5. HOME PARAMOUNT is a pest control and pest management company, offering termite control, pest control, and moisture control services for residential and commercial customers throughout Florida.

6. Plaintiff is a resident of THIS District and is over the age of 18 years old.

7. During all times relevant to this Complaint, Plaintiff was employed by Defendant as a pest control technician in its Orlando branch office. Plaintiff also performed services for Defendant in Lake and Polk Counties in Florida.

8. Plaintiff's responsibilities included working in the field providing pest control and related services in public schools, residential and commercial properties, for which he constantly handled goods and materials via interstate commerce.

9. During Plaintiff's employment with HOME PARAMOUNT, Plaintiff was directly and regularly engaged in interstate commerce and therefore was an "employee" as defined by 29 U.S.C. § 203(e).

10. Defendant is a Foreign Profit Corporation registered to do business within Florida and has a branch office in Orlando, Orange County.

11. At all times relevant hereto, Defendant was a covered "employer" under the FLSA, 29 U.S.C. §§ 203(d) and (s)(1) in that it had employees engaged in interstate commerce.

12. At all times material to this Complaint, Defendant has had two or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce and therefore has employees subject to the provisions of the FLSA, 29 U.S.C. § 203.

13. Defendant, upon knowledge and belief, has gross revenue which exceeds $500,000.00 for each of the past three (3) years.

14. PETRUS worked for Defendant as a general technician from 2011 until his termination in March of 2020.

15. At all relevant times, PETRUS worked approximately 10 hours to 11 hours daily from Monday to Friday and occasionally on Saturdays and Sundays.

16. PETRUS rarely had time to take breaks, including lunch breaks, but HOME PARAMOUNT deducted 30 minutes for the breaks from the total hours PETRUS worked in each workweek.

17. HOME PARAMOUNT knew that PETRUS worked overtime, and that the FLSA requires employees in his position to be compensated at time and one-half per hour for overtime pay.

18. HOME PARAMOUNT altered PETRUS' time records to eliminate or reduce overtime, though it knew full well that he consistently worked over forty hours in each workweek.

19. Records, if any, concerning the number of hours actually worked by PETRUS are in the possession, custody, and control of Defendant.

## ATTORNEY REPRESENTATION

20. Plaintiff has retained the undersigned attorneys and has agreed to pay a reasonable fee for its services.

## COUNT I:  VIOLATION OF FLSA/OVERTIME

21. Plaintiff re-alleges and re-avers paragraphs 1 through 20 as fully set forth herein.

22. During the course of Plaintiff's employment, HOME PARAMOUNT has willfully violated by failing to properly pay PETRUS his overtime pay.

23. Plaintiff was not exempt from the overtime provision of the FLSA pursuant to 29 U.S.C. § 213(a).

24. Defendant has knowingly and willfully failed to pay PETRUS overtime in violation of the FLSA.

25. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

26. Due to Defendant's willful violations of the FLSA, Plaintiff is entitled to a three year period for his unpaid overtime.

27. PETRUS has retained the undersigned firm to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action from HOME PARAMOUNT.

WHEREFORE, Plaintiff CHARLES PETRUS demands judgment against Defendant, HOME PARAMOUNT PEST CONTROL COMPANY, for damages, including unpaid overtime beginning three (3) years prior to the filing of this lawsuit for Defendant's willful violation of the FLSA, liquidated damages, interest, fees, costs and such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff, CHARLES PETRUS, hereby demands a trial by jury on all issues so triable.

Dated: November 5, 2020.

Respectfully submitted,

By: /s/ Gina M. Cadogan
GINA MARIE CADOGAN
Fla. Bar. 177350
CADOGAN LAW
300 S. Pine Island Road, Suite 107
Plantation, Florida 33324
Tel: 954.606.5891
Facsimile: 877.464.7316
Email: gina@cadoganlaw.com
Email: kathy@cadoganlaw.com